**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JARVIS DUPREE ROSS,** | ) | |
| **ID # 37467-177,** | ) | |
| Movant, | ) | **No. 3:15-CV-3233-B-BH** |
| vs. | ) | **No. 3:08-CR-167-B-BH (3)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255*, received October 5, 2015 (doc. 2), should be **DENIED** with prejudice.

**I. BACKGROUND**

Jarvis Dupree Ross (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-167-B(3). The respondent is the United States of America (Government).

On November 19, 2008, Movant and others were charged by superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Counts One, Fourteen through Sixteen, Twenty, Twenty-four, Twenty-eight, and Thirty-six); bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Twenty-two, Twenty-six, Thirty, and Thirty-eight); attempted bank robbery 18 U.S.C. § 2113 (a), (d) and § 2 (Counts Three and Eighteen); kidnapping (Count Twelve); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (Counts Two, Four, Thirteen, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-seven, and Thirty-nine); and felon in possession of a firearm (Counts Seven, Forty-two).

(*See* doc. 97.)¹ Movant pled not guilty and was tried before a jury with several co-defendants.

According to the appellate court's summary of the evidence at trial, on January 28, 2008, Movant, Corey Duffey, Tony Hewitt, Charles Runnels, Darobie Stenline, Yolanda McDow, and two others robbed a Citi Bank in Garland, Texas, of $5,000.  On February 1, 2008, Movant, Duffey, Hewitt, Runnells, Stenline, McDow, and three others robbed a Comerica Bank in Desoto, Texas, of $245,000.  On March 28, 2008, Movant, Duffey, Hewitt, Runnels, Stenline, McDow, and two others robbed a Century Bank in Dallas, Texas.  As they were leaving, a dye-pack exploded and tainted almost all of the stolen money, which they abandoned.  Later that same day, Movant, Duffey, Hewitt, Runnels, Stenline, and one other robbed the State Bank of Texas in Garland of $14,700.  On April 24, 2008, Movant, Antonyo Reece, Duffey, Hewitt, Runnels, Stenline, and McDow robbed a Bank of America in Irving, Texas, of $84,000, using a taser to stun bank tellers.  On May 16, 2008, that same group went to a Bank of America in Fort Worth, Texas, for another planned robbery.  Duffey became suspicious that a man outside of the bank seemed to be aware that there was going to be a robbery, so he canceled it.

Through telephone intercepts, the Federal Bureau of Investigation (FBI) learned that the conspirators were planning a robbery at the Regions Bank in Garland, Texas, on June 2, 2008.  Near the Regions Bank, FBI agents observed Movant and Duffey parking a vehicle that had been stolen for the robbery.  Movant and Duffey met with Hewitt and McDow in the bank's parking lot.  Reece and Runnels parked behind the stolen vehicle.  Law enforcement officials then moved in to arrest them.  Stenline and McDow were arrested without incident, but the other five, who were heavily armed, fled.  They were apprehended after high-speed chases, hostage-taking, kidnapping, police

---

¹ Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-167-B(3).

stand-offs, and collisions. Guns were used in all the robberies. *See United States v. Duffey*, 456 F. App'x 434, 436-38 (5th Cir. 2012).

The jury convicted Movant of Counts One through Four, Seven, Twelve through Thirty-one, Thirty-six through Thirty-nine, and Forty-two. (*See* doc. 322.)

**A.**    **Sentencing**

On November 2, 2009, the United States Probation Office (USPO) submitted a Presentence Report (PSR) that applied the 2008 United States Sentencing Guidelines Manual (USSG). (*See* doc. 343 at 15, ¶ 32.) For the conspiracy to commit bank robbery offenses (Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, and Thirty-six) the PSR calculated a total offense level of 38, with a guideline range of 360 months to life, but the statutory maximum sentence for each count was 60 months. (*See id*. at 34, ¶ 145.) For the bank robbery offenses (Counts Twenty-two, Twenty-six, Thirty, and Thirty-eight) and attempted bank robbery offenses (Counts Three and Eighteen) the PSR calculated a total offense level of 38, with a guideline range of 360 months to life, but the statutory maximum for each count was 300 months. (*See id*. at 23, ¶ 98; at 34, ¶ 145.) For the felon in possession of a firearm offenses (Counts Seven and Forty-two), the PSR calculated a total offense level of 38, with a guideline range of 360 months to life, but the statutory maximum for each count was 120 months. (*See id*. at 23, ¶ 98; at 34, ¶ 145.) For the kidnapping offense, the PSR calculated a total offense level of 38, with a guideline range of 360 months to life. (*See id*. at 34, ¶ 145.) A mandatory sentence of 60 months was required by § 924(c)(1)(A) for the first conviction for use of a firearm during a crime of violence (Count Two), and mandatory sentences of 300 months for each count were required by § 924(c)(1)(C) for the other convictions for use of a firearm during a crime of violence (Counts Four, Thirteen, Seventeen,

3

Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-seven, and Thirty-nine). (*See id.*)

Counsel objected to a two-level increase for bodily injury to a victim based on the use of a taser on ground that there was no bodily injury. (*See id.* at 41-43.) Counsel also objected to a two-level increase for obstruction of justice or reckless endangerment while Movant was a passenger in a vehicle that was fleeing from the police, and to a two-level increase for the use of body armor. (*See id.* at 40, 47-48; doc. 354 at 14-15.)

At sentencing on February 18, 2010, the Court sustained Movant's objections to the two-level increase for reckless endangerment and to the two-level increase for use of body armor (*see* doc. 354 at 16, 20), but overruled the objection to the two-level increase for bodily injury (*see id.* at 22), resulting in an offense level of 36 (*see id.* at 29). The Court granted a one-level variance and reduced the offense level to 35, with a guideline range of 262 months to 327 months for the offenses other than the use of a firearm during a crime of violence, subject to the statutory maximum sentences. (*See id.* at 34; doc. 343 at 65.) It sentenced Movant to imprisonment for 60 months for Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, and Thirty-six; 120 months for Counts Seven and Forty-two; 300 months for Counts Three, Eighteen, Twenty-two, Twenty-six, Thirty, and Thirty-eight; and 300 months for Count Twelve, to be served concurrently. He was sentenced to imprisonment for 60 months for Count Two, and to 300 months for Counts Four, Thirteen, Seventeen, Nineteen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-seven, and Thirty-nine, to be served consecutively. (*See* doc. 322 at 2.)

**B.     Re-Sentencing**

On appeal, the convictions for Counts Three, Four, Eighteen, and Nineteen were reversed and vacated for insufficient evidence of the attempted bank robberies and the corresponding convictions for use of a firearm during the attempted bank robberies. *Duffy*, 456 F. App'x at 444. The case was remanded for resentencing. *Id*. at 445.

The Court sentenced Movant to imprisonment for 60 months for Counts One, Fourteen, Fifteen, Sixteen, Twenty, Twenty-four, Twenty-eight, and Thirty-six; 120 months for Counts Seven and Forty-two; 300 months for Count Twelve; and 365 months for Counts Twenty-two, Twenty-six, Thirty, and Thirty-eight, to be served consecutively with each other, but only to the extent necessary to produce a combined sentence of 365 months. He was sentenced to imprisonment for 60 months for Count Two, and to 300 months for Counts Thirteen, Seventeen, Twenty-one, Twenty-three, Twenty-five, Twenty-seven, Twenty-nine, Thirty-one, Thirty-seven, and Thirty-nine, to be served consecutively. (*See* doc. 491 at 4-5.)

The amended judgment after resentencing was affirmed. *United States v. Ross*, 582 F. App'x 528 (5th Cir. 2014).

**C.   Substantive Claims**

Movant raises the following grounds:

(1)   Counsel was ineffective for failing to:

    (a)   seek a plea agreement;

    (b)   argue against a two-level increase for evading arrest;

    (c)   argue against a two-level increase for bodily injury;

(2)   The prosecution was vindictive and malicious;

(3)   The trial court violated his constitutional rights under *Alleyne*.

5

(3:15-CV-3233-B, doc. 3 at 5-13.)  The Government filed a response on November 24, 2015, and Movant filed a reply brief on May 17, 2016.  (*Id*., docs. 6, 7.)  His reply brief raised a new claim that counsel was ineffective for failing to object to his sentencing for use of a firearm during a crime of violence because he did not possess the weapons.  (*Id*., doc. 7 at 3.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error.  *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments."  *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

6

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.     Plea Agreement**

Movant contends that trial counsel was ineffective for failing to seek a plea agreement.

There is no constitutional right to be offered a plea agreement. *Missouri v. Frye*, 566 U.S. 133, 148 (2012). Movant has not shown that the government would have offered a plea agreement if counsel had sought one, or that he would have accepted it. *See United States v. Johnson*, No. 4:14–CV–196, 2014 WL 1930220 at *4 (N.D. Tex. May 14, 2014) (citing *Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) ("The district court also applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.")); *see also United States v. Armstrong*, No. 2:12-CV-406, 2013 WL 5592331 at *10 (S.D. Tex. Oct. 10, 2013) (movant not entitled to relief for claim of ineffective assistance for failure to negotiate a plea agreement, where

8

record did not show what plea discussions took place and movant did not allege he would have accepted a plea offer). Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

B.   <u>**Sentence Enhancements**</u>

    1.   *Evading Arrest*

Movant contends that counsel failed to argue against a two-level increase for evading arrest. He does not allege facts to support his claim regarding a two-level increase for evading arrest, or assert any basis for an objection to any such increase. He is not entitled to relief on his conclusory claim. *See Woods*, 870 F.2d at 288 n.3.

Moreover, there was no two-level increase for evading arrest. There was a two-level increase in the PSR under the heading "Obstruction of Justice" for reckless endangerment during a car chase while fleeing from the scene, but the Court sustained counsel's objection to that enhancement. (*See* doc. 343 at 17, ¶ 41; doc. 354 at 16.) Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

    2.   *Bodily Injury*

Movant contends that counsel failed to argue against a two-level increase for bodily injury. He asserts that there was insufficient evidence that a victim suffered a bodily injury.

Contrary to Movant's assertion, counsel did object to the two-level increase for bodily injury by using a taser. (*See* doc. 343 at 41-43.) An addendum to the PSR responded to the objection, noting that a taser was used three times on a victim during the April 24, 2008 robbery at the Bank of America, and the victim suffered a very painful burn on his abdomen that caused sleeping difficulty for several days. (*See* doc. 343 at 58.) The Court overruled the objection. (*See* doc. 354

at 22.) Because counsel objected to the enhancement for bodily injury, Movant has not shown deficient performance or prejudice, and he is not entitled to relief on this claim.

**C.    Use of Firearms**

In Movant's reply brief, he raises a new claim that counsel was ineffective for failing to object to his sentencing for use of a firearm during a crime of violence because he did not possess the weapons. (*Id.*, doc. 7 at 3.)

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to 28 U.S.C. § 2255 "specify all the grounds for relief available to the moving party." A movant may amend a § 2255 motion in accordance with Fed. R. Civ. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355–56 (5th Cir. 2002). New claims raised for the first time in a reply brief need not be considered by the Court, however. *See United States v. Marroquin*, No. 3:08–CV–0489, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009); *Bonds v. Quarterman*, No. 4:07–CV–674, 2008 WL 4367294, at *3 n. 1 (N.D. Tex. Sept. 24, 2008); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response). Accordingly, the Court may decline to consider the ineffective assistance of counsel claim asserted for the first time in his reply.

Even if considered, Movant's claim lacks merit. The bank robbers used guns in all the robberies. *See United States v. Duffey*, 456 F. App'x 436-38. Movant does not discuss the evidence or show that there was a lack of evidence that he used a firearm during the robberies. He is not entitled to relief on this conclusory claim. *See Woods*, 870 F.2d at 288 n.3. He has not shown that counsel was ineffective for failing to pursue the issue.

Movant cites *Johnson v. United States*, 135 S.Ct. 2551 (2015), in support of his claim. In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The holding of *Johnson* is retroactively available on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

Movant does not appear to argue that bank robbery is not a crime of violence in light of *Johnson*. To the extent that he does, the Fifth Circuit has held in post-*Johnson* cases that the federal offense of bank robbery is a crime of violence under § 924(c)(1)(A), (C). *United States v. Cosner*, ___ F. App'x ___, 2017 WL 2562331 (5th Cir. June 13, 2017); *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017); *see also United States v. Stephens*, ___ F. App'x ___, 2017 WL 1826099 (5th Cir. May 3, 2017) (*Johnson* does not bar a conviction under § 924(c) when federal bank robbery is the predicate crime of violence offense). Conspiracy to commit a crime of violence is itself a crime of violence. *United States v. Sealed Appellant 1*, 591 F.3d 812, 821 (5th Cir. 2009).

Movant has not shown he is entitled to relief on this claim.

### IV.  MALICIOUS AND VINDICTIVE PROSECUTION

Movant contends that he was subject to malicious and vindictive prosecution because he was prosecuted and sentenced for multiple conspiracies instead of one overall conspiracy. He asserts this resulted in consecutive 300-month sentences for multiple counts of use of a firearm during the separate conspiracy to commit bank robbery offenses.

**A.**     **Procedural Bar**

The Government asserts that this claim is procedurally barred because it was not raised on direct appeal. (*See* 3:15-CV-3233-B, doc. 6 at 7.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, the movant must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.

Movant filed a direct appeal of his conviction, which was consolidated with the appeals of co-defendants. *United States v. Duffey*, 456 F. App'x 434. Appellate counsel argued that there was only one conspiracy to rob multiple banks, but the Fifth Circuit held that there were multiple conspiracies to commit bank robbery. *Duffey*, 456 F. App'x at 439-41. Counsel did not raise the issue that the prosecution for multiple conspiracies was malicious or vindictive. Movant has not shown any reason for the failure to raise that issue on appeal. He does not assert cause and prejudice to excuse the procedural bar. He is procedurally barred from raising this claim in his § 2255 motion.

**B.    Merits**

There is, moreover, no free-standing constitutional claim of malicious prosecution. *Dudley v. Davis*, No. H-15-3410, 2016 WL 5661708, at *7 (S.D. Tex. Sept. 30, 2016) (quoting *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir. 2003) ("no such freestanding constitutional right to be free from malicious prosecution exists")).

A prosecutor has discretion in deciding whether to prosecute and what charges to bring. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The decision cannot be based on an unjustifiable standard such as race, religion, or other arbitrary classification. *Id.* To prove prosecutorial vindictiveness, a defendant may (1) show actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights, or (2)

12

Case 3:15-cv-03233-B-BH   Document 8   Filed 06/22/17   Page 13 of 14   PageID 105

show sufficient facts to create a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008).

Movant does not allege that the Government's decision to prosecute him for multiple conspiracies was based on some improper reason. He does not allege that he was prosecuted for multiple conspiracies to punish him for asserting a legal right, and he does not allege facts that show any vindictiveness by the Government in deciding which charges to bring against him. He has not shown he is entitled to relief on this claim.

## V. *ALLEYNE*

Movant contends that his sentences were enhanced and increased from 365 months to a total of 330 years in violation of his Sixth Amendment rights under *Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013), which held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. He appears to refer to the multiple, consecutive 300-month sentences for use of a firearm during a crime of violence under § 924(c)(1)(C)(i) based on the prior conviction for that offense in Count Two. A prior conviction that increases a mandatory minimum sentence under § 924(c)(1)(C)(i) is not a fact that must be submitted to the jury under *Alleyne*, however. *United States v. Coleman*, 817 F.3d 907, 909 (5th Cir. 2016). There was no error in not submitting that matter to a jury. He has not shown that he is entitled to relief on this claim.

## VI. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

13

## VII.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 22nd day of June, 2017.

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[Signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE